### 4542. GILLESPIE *v.* BACON PECAN COMPANY.

1. A plea which properly alleged that the defendant had given notes for the purchase-price of trees bought by him from the plaintiff, and had been compelled to pay these notes because they were transferred for value, before maturity, to innocent purchasers, should have been allowed as an amendment to the answer. Such an amendment would have afforded the defendant the right to set off, as against the account sued on, an amount, out of the sum paid by him to the innocent holder of the notes, equal to the damages which the defendant would be entitled to recover for breach of implied warranty as to the trees purchased by him. In other words, if the defendant was forced to pay the notes after the discovery of the defects in the trees purchased by him, because his notes were in the hands of innocent purchasers, whose rights could not be affected by failure of consideration or a breach of warranty, he could have pleaded the failure of consideration.

2. The defendant sought to set up that he was compelled to pay the notes he had originally given to the plaintiff, because they were in the hands of innocent purchasers. The plaintiff demurred specially, upon the ground that the plea did not state when the notes were given, or to whom they were transferred, nor otherwise state sufficient facts to enable the court to decide that the bank to which the defendant alleged he had paid them was a holder who purchased the notes before maturity, and therefore the statement that the bank was an innocent purchaser was a mere conclusion of the pleader. The plaintiff was entitled to know the time when the notes were given, and to whom they were transferred; and, upon the refusal of the defendant to amend his plea, it was not error to strike it.

3. Upon the evidence submitted, so far as the same was pertinent to the pleadings, the judgment directing a verdict was harmless to the defendant.

DECIDED AUGUST 30, 1913.

Complaint; from city court of Albany—Judge Crosland. September 20, 1912.

*S. J. Jones, Mann & Milner,* for plaintiff in error.

*R. J. Bacon,* contra.

RUSSELL, J. The G. M. Bacon Pecan Company brought suit on an account against J. W. Gillespie, for $1,805.60, besides interest, for pecan trees alleged to have been furnished to Gillespie in

1912. Gillespie pleaded that the trees were bought by him for a corporation of which he was president, and that the corporation was liable, and not himself. It was admitted on the trial that the number of trees stated in the account attached to the petition, at the price named therein, were supplied as alleged, 'and the only question originally at issue in the case was whether Gillespie was liable individually, or whether his corporation, the Albany Paper Shell Pecan Company, was the party liable. On the introduction of evidence as to orders for the trees by J. W. Gillespie individually, and acceptance by the G. M. Bacon Pecan Company, the court held that the contract as shown by the letters and replies constituted, as a matter of law, a contract with J. W. Gillespie individually. Thereupon Gillespie offered an amendment seeking to set off damages because of alleged breach of contract in connection with the trees furnished Gillespie during the winter of 1910-11, one year prior to the transaction which was the basis of suit. The contract, as appears from the record, was in writing, its terms being set forth in correspondence between the parties; and there was no express warranty therein. The first amendment offered (the refusal to allow which is assigned as error) was based upon the theory of engrafting an express warranty by parol upon the written contract which was then in evidence.

· The defendant subsequently, by sworn amendment, which was allowed, set up a breach of implied warranty as to the trees furnished in the winter of 1910-11. There was evidence in behalf of the plaintiff, showing a waiver of this implied warranty, by payment in full, after full knowledge of the number of trees that had died, and also by renewal of note after the death of numbers of trees and the breach of the contract were discovered, but there was also evidence for the defendant that the payment of the notes was not voluntary, but that they were paid because they had passed to the bank as an innocent purchaser, and, that as to the purchaser of the note for value, failure of the consideration was no defense. The court directed a verdict in favor of the plaintiff.

The decision of this court upon the questions presented will be sufficiently understood from the headnotes. *Judgment affirmed.*